IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HUMANE SOCIETY OF ) <br> THE UNITED STATES, ) <br> 2100 L Street NW ) <br> Washington, DC 20037 ) <br> ) <br>       Petitioner, ) <br>   v. ) <br> ) <br> PET E-TAILING GROUP, LLC, ) <br> 321 North Street ) <br> Goshen, CT  07656 ) <br> ) <br>       Respondent. ) | Case No: |

## PETITION TO CONFIRM ARBITRATION AWARD

The Humane Society of the United States ("Petitioner" or "HSUS"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 and Conn. Gen. Stat. § 52-417, hereby petitions for an order confirming the arbitration award entered on July 9, 2014 in the Matter of Arbitration Between The Humane Society of the United States, Claimant, and Pet e-Tailing Group, LLC, Respondent ("Respondent" of "PET"), (International Institute for Conflict Prevention and Resolution, File No. G-14-23) and for the entry of judgment in its favor against Respondent in the amount of $85,791.02, plus interest.  In support of its Petition, HSUS states as follows:

### JURISDICTION AND VENUE

1. Petitioner HSUS is a corporation duly organized and incorporated under the laws of Delaware, and its principal place of business is in Washington, D.C.

2. Respondent PET is a limited liability company formed under the laws of Connecticut.  Upon information and belief, all members of PET are residents of Connecticut.

17582855v.2

3. The July 9, 2014 arbitration award ("Award") in Petitioner's favor totals $85,791.02, plus interest.

4. This Court has jurisdiction over this matter pursuant to FAA, 9 U.S.C. § 1 *et seq.* and 28 U.S.C. § 1332(a)(2). This Court has diversity jurisdiction because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1).

## FACTUAL BACKGROUND

6. On or about October 27, 2004, HSUS and PET entered into a Trademark License Agreement ("Agreement"), which included an arbitration clause. See Exhibit A (October 27, 2004 Trademark License Agreement). The arbitration clause states in pertinent part that "any controversy or claim arising out of or related to this Agreement, or the breach, termination or validity thereof ("Arbitral Dispute"), shall be settled by arbitration in accordance with the CPR Rules for Non-Administered Arbitration in effect on the date of this Agreement. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§1-16 to the exclusion of state laws inconsistent therewith, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof." Exhibit A at ¶11.01.

7. HSUS and PET renewed the terms of the Agreement through January 31, 2013, by executing a series of amendments following the expiration of the initial Agreement. See Exhibit B (2006-2013 Amendments).

8. PET failed to timely remit sales royalties and charitable donations for the fourth quarter of 2012 and the January 2013 Sell-Off Period to HSUS due under and relating to the Agreement. Payment of all amounts owed for the fourth quarter of 2012 was due to HSUS on

January 31, 2013 and payment of all amounts owed for the January 2013 Sell-Off Period was due to HSUS on February 28, 2013.

9. On or about December 9, 2013, HSUS commenced arbitration before the International Institute for Conflict Prevention and Resolution captioned *The Humane Society of the United States v. Pet e-Tailing Group, LLC*, File No. G-14-23, to recover those outstanding payments. PET submitted a Notice of Defense and Counterclaims on March 17, 2014. HSUS filed a Notice of Defense to Counterclaims and Request for Leave to Assert Additional Claims on April 4, 2014.

10. The parties selected Raymond G. Bender, Esquire as the sole arbitrator. Arbitrator Bender conducted a Preliminary Hearing Conference on April 9, 2014, following the submission of all pleadings. *See* Exhibit C (April 10, 2014 Report of Preliminary Hearing Conference and Scheduling Order) at ¶1.

11. During that conference, the parties agreed that the matters presented in the arbitration were properly subject to the arbitration provision in the Agreement. Exhibit C at ¶2; *see also* Exhibit A at ¶¶11.01, *et seq*. There was also no dispute as to the applicability of the FAA or the arbitrability of any of the claims and defenses presented. Exhibit C at ¶3-¶4.

12. The parties agreed that the disputes in the arbitration would be presented and decided "on the papers," *i.e.*, that there would be no hearing at which witnesses would provide live testimony or be presented for cross-examination. Exhibit C at ¶5, ¶8-¶10.

13. On July 9, 2014, Arbitrator Bender closed the record in the proceedings and issued the Award. *See* Exhibit D (July 9, 2014 Final Award).

14. Arbitrator Bender's Award included the following:

    a)    PET shall pay HSUS the sum of $84,541.02, representing royalties and charitable donations for the fourth quarter of 2012 and the 2013 Sell-Off period, plus interest at a rate of six percent (6%) per annum accruing from February 28, 2013 until the time of the Award;

    b)    PET shall pay HSUS $1,250.00, representing PET's portion of CPR fees for arbitrator selection services advanced by HSUS on PET's behalf;

    c)    PET shall ship any remaining goods held in inventory to HSUS within seven (7) days of the transmission of the Award to the parties. HSUS shall remit payment to PET for such goods in the amount of $2,245.75.

Exhibit D at p. 16-17.

15. All claims and counterclaims not expressly granted in the Award were denied. Payment of the portions of the Award set forth in paragraphs (a) and (b) above is due to be paid to HSUS by PET within 15 days of the July 9, 2014 transmission of the Award. Exhibit D at p. 17.

## CONFIRMATION OF THE ARBITRATION AWARD

16. Pursuant to 9 U.S.C. § 9 of the FAA, a party may seek judicial confirmation of an arbitration award within one (1) year of its issuance.

17. "[A] court 'must' confirm an arbitration award 'unless' it is vacated, modified or corrected 'as prescribed' in [9 U.S.C.] §§ 10 and 11." *Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 78 (2d Cir. 2012) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

18. Confirmation of an arbitration award under Section 9 of the FAA is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdienier*, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted).

19. HSUS filed this action seeking judicial confirmation of the Award well within the one-year confirmation period established by the FAA.

20. No grounds for vacatur, modification or correction under Sections 10 and 11 of the FAA exist and HSUS is consequently entitled to have the final arbitration award in its favor entered as a judgment of this Court.

21. HSUS is also entitled to interest accruing on the amount due from the deadline for payment under the Award, July 24, 2014, and until the Award is satisfied.

**WHEREFORE**, Petitioner respectfully requests that the Court:

(a) confirm the Award in the amounts set forth therein, plus interest accruing since July 24, 2014 until the Award is paid in full;

(b) enter judgment consistent with the Award; and

(c) order such other and further relief as the Court deems just and proper under the circumstances.

Dated:  July 18, 2014                           Respectfully submitted,

                                                /s/ *Lawrence P. Postol*
                                                Lawrence P. Postol, Esq., (CT 03786)
                                                Christine M. Costantino, *pro hac vice forthcoming*
                                                SEYFARTH SHAW LLP
                                                975 F Street, N.W.
                                                Washington, DC 20004
                                                (202) 463-2400 (telephone)
                                                (202) 828-5393 (fax)
                                                kgrossenbacher@seyfarth.com
                                                ccostantino@seyfarth.com
                                                *Counsel for The Humane Society
                                                   of the United States*